**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4245

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRETT ANDREW LOCKLEAR,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:22-cr-00042-D-1)

Submitted:  May 30, 2024                          Decided:  June 3, 2024

Before GREGORY and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Elisa Cyre Salmon, SALMON LAW FIRM, LLP, Lillington, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brett Locklear pleaded guilty to five counts of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). The district court denied Locklear's motion for a variance and sentenced him near the bottom of his advisory Sentencing Guidelines range to 156 months of imprisonment. On appeal, Locklear contends that the district court imposed a procedurally unreasonable sentence because it failed to address his nonfrivolous mitigation arguments related to his mental health and properly explain its rejection of his motion for a variance. We affirm.

We "'review[] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In evaluating the procedural reasonableness of a sentence, we must consider whether the district court adequately explained its chosen sentence. *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017). While every sentence requires an adequate explanation, in a routine case "where the district court imposes a within-Guidelines sentence, the explanation need not be elaborate or lengthy." *United States v. Arbaugh*, 951 F.3d 167, 174-75 (4th Cir. 2020) (internal quotation marks omitted).

"Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted).

2

"The explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted). A district court need not spell out its responses to a defendant's arguments where the context makes the court's reasoning clear. *Blue*, 877 F.3d at 520-21. "[I]t is also well established that our review of a district court's sentencing explanation is not limited to the court's statements at the moment it imposes sentence," but rather, "we look at the full context" of those statements when evaluation them. *United States v. Nance*, 957 F.3d 204, 213 (4th Cir. 2020). "Where a sentencing court hears a defendant's arguments and engages with them at a hearing, we may infer from that discussion that specific attention has been given to those arguments." *Id*.

We have reviewed the record and find no reversible error. The record demonstrates that the district court properly calculated the Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors and Locklear's nonfrivolous arguments for a downward variance, and adequately explained the chosen sentence. The court considered the individual facts of Locklear's case and determined that his conduct was particularly serious given the number of files recovered and the incredibly vulnerable nature of his victims. The court also explicitly rejected Locklear's arguments in support of a variant sentence based on his mental health, noting that Locklear's behavior was so egregious because he had been seeing a therapist before committing the present offenses, but chose to hide such thoughts and engage in

3

criminal behavior despite that assistance.  The district court sufficiently explained its rejection of Locklear's request for a variance and its reasons for sentencing him to the lower end of his Guidelines range.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4